**POTTSTOWN FABRICATORS, INC., Plaintiff,**

v.

**MANSHUL CONSTRUCTION CORP., Board of Education of the City of Yonkers and Aetna Insurance Company, Defendants.**

**No. 91 CV 07683 (JSR).**

United States District Court, S.D. New York.

June 20, 1996.

Fabricators Inc. by J. Robert Ellner, New York City, for plaintiff and counter defendant Pottstown, Bartlett, Bartlett & Ziegler, P.C. by Catherine A. Ziegler, New York City, of counsel.

Peckar & Abramson by Charles E. Williams, New York City, for defendants and counter claimants Manshul Construction Corp and Aetna.

Walker & Kapiloff by Edward N. Walker, New York City, for defendant Board of Education of the City of Yonkers.

### MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff Pottstown Fabricators, Inc. has moved for partial summary judgment against defendant Manshul Construction Corp., seeking a judgment (i) that it is owed $397,000 on the contract balance, plus interest and certain additional charges, and (ii) that Manshul is not entitled to any of the offsets claimed in the four counterclaims it has asserted against Pottstown. The motion was fully briefed and the Court heard extensive oral argument on June 17, 1996. Having reviewed the foregoing, the Court now denies Pottstown's motion for summary judgment for the reasons set forth briefly herein as well as for the reasons discussed at the hearing of June 17, 1996.

As to Manshul's motion for summary judgment on the contract balance, the Court concludes that there are factual issues that preclude an award of summary judgment. Pottstown argues that § 139–f of the New York State Finance Law entitles it to recover the unpaid contract balance because Manshul, the general contractor, has already received payment of the full value of its subcontract with Pottstown from the public owner of the project, the Board of Education of the City of Yonkers. However, while it is correct that § 139–f provides that a general contractor within fifteen days of receiving a payment from the public owner of a project "shall pay" his subcontractors the portion of that payment that represents the percentage of the subcontractor's work completed, that is not the end of the inquiry. Section 139–f also provides that such payments from the general contractor to the subcontractor may be "less an amount necessary to satisfy any claims, liens or judgments against the subcontractor ... which have not been suitably discharged." It cannot be, as plaintiff suggests, that this provision entitles the general contractor to withhold payment for only the fifteen days before payment is otherwise due under the statute. Such a construction would render effectively meaningless the statute's grant to the general contractor of the right to withhold payments under certain circumstances. Instead, the only practical and sensible interpretation of this grant is that it permits the contractor to withhold such payments beyond the date otherwise due in circumstances where the contractor has identifiable claims, liens or judgments against the subcontractor and the claims, liens or judgments have not been suitably discharged.

Applying this legal conclusion to the facts of this case, it is clear that there exist material factual disputes that preclude summary judgment. For example, while Potts-

town argues that Manshul had no claims against it at the time that payments should have been made under § 139–f, Manshul has submitted an affidavit attesting that it began registering complaints to the plaintiff about its work on the project within four months of plaintiff's commencing performance. Affidavit of Allan G. Schulman, sworn to June 7, 1996, at ¶ 13. Thus, there is an issue of fact as to whether or not Manshul had identifiable claims against Pottstown at the time that it withheld payments. Such factual disputes preclude an award of summary judgment.

Pottstown has also moved for summary judgment on Manhsul's four counterclaims, all of which assert offsets against any award in favor of Pottstown. For the reasons discussed extensively at the hearing of June 17, 1996, each of these counterclaims presents a host of material factual issues that cannot be resolved by this Court on a motion for summary judgment.

Thus, for the reasons stated here and at oral argument, the motion for summary judgment is denied.